People v Okure

2026 NY Slip Op 02302

April 16, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Nsikak K. Okure, Appellant.

Decided and Entered:April 16, 2026

CR-23-1360

Calendar Date: March 20, 2026

Before: Clark, J.P., Ceresia, Mcshan, Mackey And Ryba, JJ.

Yorden C. Huban, Public Defender, Albany (James A. Bartosik Jr. of counsel), for appellant.

Lee C. Kindlon, District Attorney, Albany (Caroline B. McCaffrey of counsel), for respondent.

[*1]

Appeal from a judgment of the County Court of Albany County (Andra Ackerman, J.), rendered April 26, 2023, convicting defendant upon his plea of guilty of the crimes of aggravated vehicular homicide and leaving the scene of an incident without reporting.

Defendant was charged in an 11-count indictment with various offenses arising from a September 14, 2022 incident in which he drove his vehicle while intoxicated and, as is relevant here, fatally struck a pedestrian in the City of Albany and left the scene without contacting authorities. In satisfaction of the indictment, defendant pleaded guilty to aggravated vehicular homicide and leaving the scene of an incident without reporting upon the understanding that he would receive a prison sentence of no less than 7 to 21 years and no more than 8 to 24 years on the aggravated vehicular homicide conviction and a concurrent prison sentence of 2⅓ to 7 years on the leaving the scene conviction. The plea agreement also contemplated that defendant would waive his right to appeal. County Court thereafter imposed concurrent sentences that amounted to 8 to 24 years in prison. Defendant appeals.

We affirm. Defendant's sole contention on appeal is that the sentence, which fell within the confines of the plea bargain, is harsh and excessive. However, defendant's unchallenged and valid appeal waiver precludes this argument (see People v Lopez, 6 NY3d 248, 255 [2006]; People v Sealey, 234 AD3d 1184, 1185 [3d Dept 2025]; People v Anderson, 177 AD3d 1031, 1032 [3d Dept 2019]).

Clark, J.P., Ceresia, McShan, Mackey and Ryba, JJ., concur.

ORDERED that the judgment is affirmed.